UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES TOWNSEND, | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:17-cv-01513-TWP-DLP |
| | ) | |
| S. ZATECKY, | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of James Townsend for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 16-12-0095. For the reasons explained in this Entry, Mr. Townsend's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 22, 2016, Officer Spangler issued a Report of Conduct to Townsend for a violation of Code A-106, possession of dangerous/deadly contraband/property. Dkt. 7-1. The Report of Conduct stated:

> On the above date and approximate time I, Ofc. Spangler, was assigned to use the cell sense during the lunch feed. As Offender Townsend, James (132515) walked past the cell sense it was set off. I then instructed Offender Townsend to walk past it. After going past the cell sense for a second time, the cell sense was set off again. I then escorted Offender Townsend to a holding cell in the D.O. where a strip search was conducted. I then began to go through his clothes where in his black basketball shorts I found a black marker. I then took the black marker apart where I found a nail wrapped in toilet paper with a hole in the cap.

*Id*.

An officer gave Mr. Townsend notice of the offense on January 7, 2017, but the screening was terminated when Mr. Townsend "became argumentative about the presentation of the evidence." Dkt. 7-6. "Offender states the the [sic] photo presented was not of the item he is being charged for. I ended the screening at this time." *Id*. "Offender states the evidence is wrong. He says that the nail was inside the marker and not sticking out of it like it is in the picture!" *Id*.

After multiple postponements, the disciplinary hearing was held on January 31, 2017. Dkt. 7-8. Mr. Townsend's statement was recorded as: "The evidence was tampered with. They messed up at the screening. I didn't even get screened. They don't even have the right DOC # on evidence card." *Id*. The hearing officer found Mr. Townsend guilty based on the staff reports and physical evidence. *Id*. The recommended and approved sanctions included a written reprimand, loss of privileges, disciplinary segregation, 90 days of lost credit time, and a demotion from credit class 2 to credit class 3. *Id*. The hearing officer imposed the sanctions because of the serious of the offense, frequency and nature of the offense, the degree to which the violation

disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id*.

Mr. Townsend appealed to the Facility Head and the Final Reviewing Authority. Both appeals were denied. Dkt. 7-13, dkt. 7-14. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C. **Analysis**

Mr. Townsend argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) the evidence was tampered with, improper chain of custody; 2) the wrong offender identification number was on the evidence card; and 3) he was denied screening and his witness statement.

Mr. Townsend first argues that there were two pictures of the evidence of the nail inside the marker. He alleges the evidence was "tampered with." During screening, Mr. Townsend stated that "the nail was inside the marker and not sticking out of it like it is in the picture!" Dkt. 7-7. The Conduct Report described the dangerous/deadly contraband as "a nail wrapped up in toilet paper with a hole in the cap" of a black marker. Dkt. 7-1. Mr. Townsend's second claim is that the wrong identification number was on the evidence card. The Court discerns no material difference between the two photographs, nor has Mr. Townsend identified any error in chain of custody. Dkt. 7-2, dkt. 7-5. Both photographs depict a marker from which a nail is protruding through the cap. Moreover, the identification number on the card was #132615 before it was corrected to #132515. Dkt. 7-3. A single digit was initially written incorrectly, but this had no bearing on the identification of Mr. Townsend as the offender from whom the contraband was confiscated after the cell sense went off. These trivial issues fail to amount to any due process violation.

The Court has also considered whether Mr. Townsend's claims can be viewed as challenges to the sufficiency of the evidence. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Here, Mr. Townsend and his clothing were searched after the cell sense was triggered. The nail hidden inside the marker was discovered. Mr. Townsend does not even deny that he had a nail hidden inside a marker. The Conduct Report alone describing these events was sufficient evidence to support the charge that Mr. Townsend possessed dangerous/deadly contraband.

Mr. Townsend's final claim is that he was not properly screened and he was denied the opportunity to request a witness. The record shows that a screening officer attempted to review Mr. Townsend's rights but that Mr. Townsend became disruptive when the officer showed him the photograph because he thought it did not match the item he was charged with possessing. Mr. Townsend argued that "the nail was inside the marker and not sticking out of it like it is in the

picture!" Dkt. 7-7. Mr. Townsend was plainly made aware of the charge and of the evidence that was going to be used against him. Although Mr. Townsend denies being "disruptive," he does not dispute that he was argumentative about having been "brought the wrong picture." Dkt. 2, p. 6. Although the screening process was terminated before it could be completed, that was based on Mr. Townsend's own behavior. In addition, there is no record that he requested a witness or provided the identity of such witness. Even in his appeals and in his habeas petition he does not name any witness and state what that person would be expected to say. Absent that information, Mr. Townsend has shown no prejudice from allegedly being denied a witness at the hearing. Because there is no prejudice, any possible due process claim results in harmless error. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). The denial of screening and witness claim lacks merit.

Mr. Townsend was given adequate notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Townsend's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Townsend to the relief he seeks. Accordingly, Mr. Townsend's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

The clerk is **directed to update the docket** to correct the spelling of the respondent's last name, to "Zatecky."

**IT IS SO ORDERED.**

Date: 3/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES TOWNSEND
132515
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov